UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSALINDA H. BECERRA,<br><br>           Plaintiff,<br><br>      v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>           Defendant. | Case No.  1:21-cv-01658-JLT-CDB<br><br>FINDINGS AND RECOMMENDATIONS DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND AFFIRMING THE COMMISSIONER OF SOCIAL SECURITY'S DECISION<br><br>(Doc. 11)<br><br>**FOURTEEN-DAY DEADLINE** |

Rosalinda H. Becerra ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her application for disability insurance benefits under the Social Security Act. (Doc. 1).  The matter is currently before the Court on the parties' briefs, which were submitted without oral argument. (Docs. 11-13).  For the reasons stated, the undersigned shall recommend that the Commissioner of Social Security's decision be affirmed.

## I.      BACKGROUND

### A. Introduction

On October 10, 2018, Plaintiff filed applications for disability insurance benefits pursuant to Title II and supplemental security income benefits pursuant to Title XVI of the Social Security Act (the "Act"), 42 U.S.C. § 401 *et seq*., alleging a period of disability beginning on June 30,

2016. (Administrative Record ("AR") 222-33). Plaintiff was 47 years old on the alleged disability onset date. *See generally* AR. Plaintiff claimed disability due to degenerative disc disease and sciatica. *Id*. at 271. Plaintiff alleges the pain from her disability has prevented her from working. *Id*. at 39, 271.

**B. Administrative Proceedings**

The Commissioner denied Plaintiff's application initially on January 29, 2019, and again on reconsideration on June 27, 2019. *Id*. at 62-109. On July 9, 2019, Plaintiff submitted a written request for a hearing by an administrative law judge. *Id*. at 125-26. On July 20, 2020, Plaintiff received a "Notice of Hearing." *Id*. The notice informed Plaintiff that the hearing would be held on October 8, 2020, before Administrative Law Judge Rebecca LaRiccia ("ALJ"). *Id*. at 155, 159. The notice instructed Plaintiff:

> You are required to inform us about or submit all evidence known to you that relates whether or not you are blind or disabled. If you are aware of or have more evidence, such as recent records, reports, or evaluations, you must inform me about it or give it to me no later than 5 business days before the date of your hearing. If you do not comply with this requirement, I may decline to consider the evidence unless the late submission falls within a limited exception.
>
> If you missed the deadline to inform us about or submit evidence, I will accept the evidence if I have not yet issued a decision and you did not inform us about or submit the evidence before the deadline because:
>
> 1. Our action misled you;
> 2. You had a physical, mental, educational, or linguistic limitation(s) that prevented you from informing us about or submitting the evidence earlier; or
> 3. Some other unusual, unexpected, or unavoidable circumstance beyond your control prevented you from informing us about or submitting the evidence earlier.

*Id*. at 156. On August 26, 2020, Plaintiff's representative requested that the hearing scheduled for October 8, 2020, be postponed. *Id*. at 173. On August 28, 2020, Plaintiff's representative informed the ALJ about outstanding medical records that they were seeking prior to the hearing. *Id*. at 333. Specifically, Plaintiff was attempting to obtain treatment records from (1) Adventist Health Selma for August 19, 2018, to September 7, 2020, (2) Lags Spine and Sportscare Medical Center for January 2, 2016, to September 7, 2020, and (3) Valley Legs Beauty Diagnostics for January 2, 2016, to September 7, 2020. *Id*. at 334. Plaintiff's representative stated, "we will send an updated notice approximately 10 days before the scheduled hearing advising you of any

2

requested medical records that remain." *Id*. at 333.  On November 2, 2020, Plaintiff received notice that the ALJ hearing was rescheduled for January 19, 2021.  *Id*. at 178.

At some point before the hearing, Plaintiff was seen by Hayden Behling, MPAS, PA-C. *Id*. at 15, 347-48; (Doc. 11 at 12-13).  On January 5, 2021, Plaintiff's representative submitted a brief for the January 19, 2021, ALJ hearing.  AR at 343-46.  The brief made no reference to Mr. Behling and/or any outstanding evidence.  *Id*.  On January 18, 2021, one day before the hearing, Mr. Behling "completed a treating source statement wherein he opined that the [Plaintiff] is limited to sedentary work."  *Id*.

On January 18, 2021, Plaintiff, represented by counsel, appeared and testified by telephone at a hearing before the ALJ.  *Id*. at 31-61.  Counsel for Plaintiff asserted Plaintiff suffered from significant low back pain and sciatica as well as migraines which limit her ability to work.  *Id*. at 35.  Plaintiff testified about her work and medical history and how the pain from her medical conditions limited her ability to stand, walk, lift objects, and engage in activities of daily living.  *Id*. at 36-55.  At no point did Plaintiff or her counsel refer to Mr. Behling and/or any outstanding evidence.  *Id*. at 31-61.  On January 19, 2021, Plaintiff submitted opinion evidence from Mr. Behling to the ALJ and requested the record be held open for a post-hearing brief.  *Id*. at 15-16.  Plaintiff's submission was not accompanied by any explanation or good cause for the late submission.  *Id.*

**C. The ALJ's Decision**

On February 8, 2021, the ALJ issued a decision finding that Plaintiff was not disabled.  *Id*. at 12-25.  The ALJ noted Plaintiff's submission of additional written evidence from Mr. Behling, the day after the hearing, did not satisfy the requirements of 20 C.F.R. § 416.1435(b).  *Id*. at 15-16.  Specifically, the ALJ determined Plaintiff's submission was untimely, failed to provide the requisite five-day notice, or any explanation or good cause for failure to do so.  *Id*.  The ALJ rejected Mr. Behling's opinion evidence and did not incorporate the document into the record.  *Id*. at 16.

On February 8, 2021, the Appeals Council received a request for a review of the ALJ's decision in this case.  *Id*. at 1, 220-21.  On April 5, 2021, Plaintiff submitted an appeal brief in

support of her request for a review of the ALJ's hearing decision. *Id*. at 347-48. Plaintiff argued "Mr. Behling's opinion fits an exception under 20 C.F.R. § 405.331(c)(3) as it was not even drafted until the day before the hearing. It is impossible to comply with 20 C.F.R. § 405.331(a) when the evidence in question does not exist 5 days prior to the hearing." *Id*. at 348. Plaintiff asserted the ALJ's failure to consider Mr. Behling's opinion was error and that the ALJ's decision be reversed, or alternatively, remanded for further findings. *Id*.

The Appeals Council denied Plaintiff's request for review on September 14, 2021, making the ALJ's decision the final decision of the Commissioner. *Id*. at 1-6. Plaintiff filed this action on November 17, 2021, seeking judicial review of the denial of her application for benefits. (Doc. 1). The Commissioner lodged the administrative record on February 25, 2022. (Doc. 9).

Plaintiff filed an opening brief on April 11, 2022. (Doc. 11). Plaintiff argues "unusual, unexpected, or unavoidable circumstances beyond the claimant's control" prevented her from submitting Mr. Behling's opinion prior to the hearing. *Id*. at 12. Specifically, Plaintiff claims "it was impossible for Plaintiff to have submitted [Mr. Behling's opinion] in compliance with the 'five day' rule … as the evidence did not exist five days prior to the hearing." *Id*. Plaintiff contends the ALJ's refusal to admit evidence "with no accompanying explanation or good reason for the late submission was unwarranted, as the reason for the late submission could have been easily surmised from the date of [Mr. Behling's] signature line that the opinion was only recently prepared." *Id*. at 12-13.

Defendant filed an opposition brief on May 11, 2022. (Doc. 12). Defendant argues the "fact that Mr. Behling finalized the statement the day before the hearing did not establish an 'unusual, unexpected, or unavoidable circumstance beyond the claimant's control.'" *Id*. at 7. Defendant argues Plaintiff submitted the opinion without comment and failed to provide the ALJ with good cause for why she failed to inform the ALJ about or submit Mr. Behling's opinion in compliance with the five-day rule. *Id*. Next, Defendant argues the mere showing of a medical opinion that did not exist five days prior to the hearing, by itself, does not establish an unusual, unexpected, or unavoidable circumstance beyond the claimant's control. *Id*. at 5-6 (collecting cases). Defendant also asserts Plaintiff failed to establish that she actively and diligently sought

1  evidence from Mr. Behling. *Id*. at 9-10.

2  Plaintiff filed a reply to Defendant's opposition on May 25, 2022. (Doc. 13). Plaintiff argues the Court's review is not limited to whether substantial evidence can be found to support the ALJ's conclusion. *Id*. at 1-4. Rather, Plaintiff asserted the ALJ's decision must be vacated because it is premised on legal error because "the ALJ did not comply with the legal procedures intended to ensure the Court's ability to meaningfully review the rationale behind her findings." *Id*. Further, Plaintiff claims the Court must consider the ALJ's decision based on the reasoning and factual findings offered by the ALJ and not any post hoc rationalizations offered by the Commissioner. *Id*. at 4-5.

## II.   LEGAL STANDARD

Congress has provided that an individual may obtain judicial review of any final decision of the Commissioner of Social Security regarding entitlement to benefits. 42 U.S.C. § 405(g). In determining whether to reverse an ALJ's decision, a court reviews only those issues raised by the party challenging the decision. *Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). A court may set aside the Commissioner's denial of benefits when the ALJ's findings are based on legal error or are not supported by substantial evidence. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

"Substantial evidence is relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (quoting *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir, 1995)). "[T]he threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Rather, "[s]ubstantial evidence means more than a scintilla, but less than a preponderance; it is an extremely deferential standard." *Thomas v. CalPortland Co.*, 993 F.3d 1204, 1208 (9th Cir. 2021) (internal quotations and citations omitted).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (internal quotations and citations omitted). "If the evidence 'is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.'" *Ford v.*

1 *Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (quoting *Burch v. Barnhart*, 400 F.3d 676, 679 (9th
2 Cir. 2005)).  Even if the ALJ has erred, the Court may not reverse the ALJ's decision where the
3 error is harmless.  *Stout*, 454 F.3d at 1055-56.  The burden of showing that an error is not
4 harmless "normally falls upon the party attacking the agency's determination."  *Shinseki v.*
5 *Sanders*, 556 U.S. 396, 409 (2009).

### III.   ISSUE

Plaintiff advances a single issue for review in this Court:  that the ALJ's failure to properly consider the opinion of Hayden Behling, PA – evidence Plaintiff concedes was submitted untimely – constitutes error warranting remand.  (Doc. 11 at 11-14).

### IV.   DISCUSSION

Social Security regulations require a claimant to inform the ALJ about or submit any written evidence no later than 5 business days before the date of the hearing (the "five-day rule").  20 C.F.R. §§ 404.935(a), 416.935(a).  If a claimant fails to meet this requirement, the ALJ "may decline to consider or obtain the evidence," unless certain exceptions apply.  *Id*.  Those exceptions include an unusual, unexpected, or unavoidable circumstance beyond your control prevented you from informing us about or submitting the evidence earlier.  §§ 404.935(b)(3), 416.935(b)(3).  One examples of such a circumstance is where a claimant has "actively and diligently sought evidence from a source and the evidence was not received or was received less than 5 business days prior to the hearing."  §§ 404.935(b)(3)(iv), 416.935(b)(3)(iv).  If a claimant has missed the deadline because of one of the listed exceptions, the ALJ "will accept the evidence" if he or she has not yet issued the decision.  §§ 404.935(b), 416.1435(b).

The ALJ did not err in concluding that an exception did not apply to Plaintiff's untimely submission of Mr. Behling's opinion.  The ALJ found Plaintiff had failed to provide "any good cause" for her failure to provide the requisite five-day notice.  AR at 15.  The ALJ noted Plaintiff submitted the opinion with no accompanying explanation for the delay.  *Id*.  Thus, the ALJ had no notice of which exception, if any, applied to her late submission.  *See e.g.*, *Darrell H. v. Comm'r of Soc. Sec.*, No. C21-0228-SKV, 2021 WL 3856062, at *5 (W.D. Wash. Aug. 30, 2021) ("Because Plaintiff fails to establish that any [§ 416.1435(b)] exception applied, it was within the

1    ALJ's discretion to decline to accept the [belatedly submitted] evidence."), *aff'd*, 2022 WL
2    12325226, at *1 (9th Cir. Oct. 21, 2022) ("The AJL acted within his discretion when he did not
3    accept the unexplained late filing and did not misapply 20 C.F.R. § 416.1435(b).").

4        Plaintiff acknowledges in her motion for summary judgment that "[p]ermissible examples
5    of appropriate circumstances 'beyond [one's] control'" may qualify as unusual, unexpected, or
6    unavoidable circumstances. (Doc. 11 at 12) (citing §§ 404.970(b)(3); 416.1435(b)(3)). These
7    examples "include but are not limited to the claimant's own serious illness, the death or serious
8    illness of a family member, destruction of damage of important records by accidental causes, an
9    Appeals Council review of the merits of the ALJ's decision, and situations where the claimant
10   "actively and diligently sought evidence from a source and the evidence was not received or was
11   received less than 5 business days prior to the hearing." *Id*. Plaintiff fails to argue one of those
12   enumerated examples applies.

13       Instead, Plaintiff claims that the ALJ should have "easily surmised" that unusual,
14   unexpected, or unavoidable circumstances beyond her control existed because "the medical
15   source statement was not even completed by [Mr.] Behling until January 18, 2021, one day prior
16   to the hearing[]." (Doc. 11 at 12). The Commissioner asserts Plaintiff's argument is without
17   merit as district courts across the country have addressed this same claim and overwhelmingly
18   found that the mere fact a medical opinion did not exist five days prior to the hearing does not
19   establish an unusual, unexpected, or unavoidable circumstance beyond the claimant's control.
20   (Doc. 12 at 5-6) (collecting cases). The undersigned finds much of the authority cited by the
21   Commissioner to be persuasive and agrees with his position. *See, e.g.*, *Wasen A v. Saul*, No. 18-
22   cv-03242 (SRN/LIB), 2020 WL 823095, at *5 (D. Minn. Jan. 31, 2020) (holding "the mere fact
23   that a letter did not exist prior to the hearing does not establish an exception to the Five-Day Rule.
24   Plaintiff must also show that she exercised due diligence in obtaining the February Letter and that
25   the delay was outside of her control."), *R&R adopted*, 2020 WL 818908 (Feb. 19, 2020).

26       Plaintiff makes no effort to distinguish or otherwise address the cases cited by the
27   Commissioner; instead, she claims the Court cannot accept the Commissioner's position as it
28   constitutes a "post-hoc [rationalization] as the ALJ did not discuss consideration of said exception

or articulate any finding as to whether the exception was met in his decision" is unavailing. (Doc. 13 at 4-5). A court cannot accept grounds to justify an administrative action that the agency did not rely on below. *S.E.C. v. Chenery*, 322 U.S. 194, 196 (1947).

Here, the ALJ did cite the appropriate regulation, and provide a reason why an exception did not apply. The ALJ complied with the Commissioner's internal guidance on the matter, which requires explanation of the ALJ's "reason for not considering late-tendered evidence, and can fulfill this duty by briefly explain[ing] that (1) evidence was submitted, (2) the claimant did not establish a reason under 416.1435 for the untimely submission, and (3) the evidence was therefore not considered." HALLEX, Admitting Evidence Submitted Less Than Five Business Days Before the Hearing or At or After the Hearing, § I-2-6-59(C) (May 1, 2017) (internal quotations omitted). The ALJ found Plaintiff did not provide a reason under § 416.1435, as she provided "no accompanying explanation or good cause for the late submission." AR at 15. Although the ALJ's reasoning is not couched in the language of § 416.1435(b)(3), it is sufficient to show Plaintiff failed to articulate an unusual, unexpected, or unavoidable circumstance beyond her control, that prevented her from informing the ALJ about Mr. Behling's opinion.

Additionally, the administrative record does not demonstrate that an unusual, unexpected, or unavoidable circumstance beyond Plaintiff's control existed that prevented her from timely obtaining Mr. Behling's opinion. In particular, the record indicates Plaintiff did not actively and diligently seek evidence from a source. Thus, in August 2020, Plaintiff's representative informed the ALJ about outstanding medical records and asked for a continuance of Plaintiff's October 2020 hearing. AR at 333. Plaintiff and Plaintiff's representative did not provide any information regarding any evidence they anticipated obtaining from any other provider, including Mr. Behling. On January 5, 2021, Plaintiff's representative submitted a brief for the January 19, 2021, ALJ hearing and made no reference to Mr. Behling and/or any outstanding evidence. *Id*. at 178. During the ALJ hearing – which occurred the day after Mr. Behling "completed a treating source statement" – neither Plaintiff nor Plaintiff's representative advised the ALJ of Mr. Behling and/or any outstanding evidence. *Id*. at 31-61. Indeed, Plaintiff's representative was asked if he had the opportunity to review the record and Plaintiff's representative had "no objections" to the

8

exhibits in the file. *Id*. at 34. The following day, Plaintiff's representative submitted Mr. Behling's opinion without explanation of any active or diligent effort to seek evidence from a source. *Id*. at 15. Thus, Plaintiff has not demonstrated that unusual, unexpected, or unavoidable circumstances beyond existed that required the ALJ to consider Mr. Behling's opinion.

## V.   CONCLUSION

A reviewing court should not substitute its assessment of the evidence for the ALJ. *Tackett*, 180 F.3d at 1098. On the contrary, a reviewing court must defer to an ALJ's assessment as long as it is supported by substantial evidence. 42 U.S.C. § 405(g). Because Plaintiff fails to establish that an exception applied to her untimely submission of Mr. Behling's opinion, it was within the ALJ's discretion to decline to accept the evidence. Thus, the undersigned finds that the ALJ's decision is supported by substantial evidence and free of harmful legal error. Accordingly, IT IS HEREBY RECOMMENDED:

1. Plaintiff's motion for summary judgment (Doc. 11) is DENIED;
2. The decision of the Commissioner of Social Security is AFFIRMED.
3. The Clerk of the Court is directed to enter judgment in favor of the Commissioner of Social Security and close this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days of being served with these findings and recommendations, Petitioner may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 25, 2023**                                   _____
                                                            UNITED STATES MAGISTRATE JUDGE

9