**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROSALINDA H. BECERRA, | ) Case No.: 1:21-cv-1658 JLT CDB |
| Plaintiff, | ) |
| | ) ORDER ADOPTING IN PART THE FINDINGS |
| v. | ) AND RECOMMENDATIONS, DENYING |
| | ) PLAINTIFF'S APPEAL OF THE |
| COMMISSIONER OF SOCIAL SECURITY, | ) ADMINISTRATIVE DECISION, AND |
| | ) GRANTING DEFENDANT'S REQUEST TO |
| Defendant. | ) AFFIRM |
| | ) |
| | ) (Docs. 11, 12, and 20) |
| | ) |
| | ) ORDER DIRECTING ENTRY IN FAVOR OF |
| | ) DEFENDANT, COMMISSIONER OF SOCIAL |
| | ) SECURITY, AND AGAINST PLAINTIFF |
| | ) ROSALINDA H. BECERRA |
| | ) |

Rosalinda Becerra seeks judicial review of a final decision denying her applications for a period of disability, disability insurance benefits, and supplemental security income under Titles II and XVI of the Social Security Act.  (Docs. 2, 11.)  Plaintiff asserts the administrative law judge erred by declining to consider opinion evidence from a physician assistant submitted after the administrative hearing.  (Doc. 11.)  The Commissioner asserts Plaintiff did not comply with the "five-day rule"— which requires a claimant to notify the ALJ of additional evidence no later than five days before the hearing—and did not show an exception to the rule applies.  (Doc. 12.)  For the reasons set forth below, Plaintiff's appeal from the administrative decision is denied.

///

1

**I.       Relevant findings of the ALJ**

The ALJ observed that pursuant to 20 C.F.R. 416.1435(a), "[i]f the claimant wishes that written evidence be considered at the hearing, then the claimant must submit or inform the Administrative Law Judge about the evidence no later than five business days before the date of the scheduled hearing."  (Doc. 9-2 at 19; *see also* 20 C.F.R 404.935(a).)  The ALJ noted: "The claimant submitted or informed the Administrative Law Judge about additional written evidence less than five business days before the scheduled hearing date.  The opinion evidence from Hayden Behling, PA, was submitted the day after the hearing with no accompanying explanation or good cause for the late submission."  (*Id.*)  The ALJ found the evidence need not be accepted under 20 C.F.R. 416.1435(b), which sets forth circumstances for the ALJ to accept untimely evidence, because "the claimant's representative failed to provide the requisite five-day notice, or any good cause for the failure to do so."  (*Id.* at 19-20.)  In so finding, the ALJ acknowledged Plaintiff's "representative requested the record be held open for a post-hearing brief," but noted the "post hearing submission [was] not a brief."  (*Id.* at 20.)  Therefore, the ALJ indicated the opinion of Hayden Behling was "not incorporated into the record."  (*Id.*)

**II.      Findings and Recommendations of the Magistrate Judge**

Hayden Behling, PA, completed a medical source statement "one day prior to the hearing." (Doc. 11 at 12; *see also* Doc. 9-2 at 351.)  Plaintiff asserts that based upon the completion date, "it was impossible for Plaintiff to have submitted the medical source statement in compliance with the 'five day' rule articulated at 20 C.F.R. § 405.331(a), 416.1435(a) as the evidence did not exist five days prior to the hearing."[1]  (*Id.* at 12.)  According to Plaintiff, "the reason for the late submission could have been easily surmised from the date beside PA's Behling's signature line at the end of the treating source statement—the opinion evidence was only recently prepared and did not exist five days prior to the hearing."  (*Id.* at 12-13.)  Plaintiff contends this constitutes an "unusual, unexpected, or unavoidable circumstance beyond the claimant's control," and the evidence should have been accepted pursuant to 20 C.F.R. §§ 416.1435, 404.935.  (*Id.*)

---

[1] Although Plaintiff refers to 20 C.F.R. 405.331(a), this section was removed and reserved on December 16, 2016. The applicable regulations are now found in 20 C.F.R. § 404.935, as Plaintiff acknowledges elsewhere in her opening brief.

2

The magistrate judge rejected Plaintiff's contentions, finding "[t]he ALJ did not err in concluding that an exception did not apply to Plaintiff's untimely submission of Mr. Behling's opinion."  (Doc. 20 at 6.)  In so finding, the magistrate judge observed that "the ALJ had no notice of which exception, if any, applied to [the] late submission," because "Plaintiff submitted the opinion with no accompanying explanation for the delay."  (*Id.*, citing *Darrell H. v. Comm'r of Soc. Sec.*, 2021 WL 3856062, at \*5 (W.D. Wash. Aug. 30, 2021), *aff'd* 2022 WL 12325226, at \*1 (9th Cir. Oct. 21, 2022).)  The magistrate judge noted that "district courts across this country have addressed this same claim and overwhelming found that the mere fact a medical opinion did not exist five days prior to the hearing does not establish an unusual, unexpected, or unavoidable circumstance beyond the claimant's control." (*Id.* at 7, citation omitted.)  The magistrate judge determined, "Although the ALJ's reasoning is not couched in the language of § 416.1435(b)(3), it is sufficient to show Plaintiff failed to articulate an unusual, unexpected, or unavoidable circumstance beyond her control, that prevented her from informing the ALJ about Mr. Behling's opinion."  (*Id.* at 8.) In addition, the magistrate judge opined:

> [T]he administrative record does not demonstrate that an unusual, unexpected, or unavoidable circumstance beyond Plaintiff's control existed that prevented her from timely obtaining Mr. Behling's opinion. In particular, the record indicates Plaintiff did not actively and diligently seek evidence from a source. Thus, in August 2020, Plaintiff's representative informed the ALJ about outstanding medical records and asked for a continuance of Plaintiff's October 2020 hearing. AR at 333. Plaintiff and Plaintiff's representative did not provide any information regarding any evidence they anticipated obtaining from any other provider, including Mr. Behling. On January 5, 2021, Plaintiff's representative submitted a brief for the January 19, 2021, ALJ hearing and made no reference to Mr. Behling and/or any outstanding evidence. *Id.* at 178. During the ALJ hearing – which occurred the day after Mr. Behling "completed a treating source statement" – neither Plaintiff nor Plaintiff's representative advised the ALJ of Mr. Behling and/or any outstanding evidence. *Id.* at 31-61. Indeed, Plaintiff's representative was asked if he had the opportunity to review the record and Plaintiff's representative had "no objections" to the exhibits in the file. *Id.* at 34. The following day, Plaintiff's representative submitted Mr. Behling's opinion without explanation of any active or diligent effort to seek evidence from a source. *Id.* at 15. Thus, Plaintiff has not demonstrated that unusual, unexpected, or unavoidable circumstances beyond existed that required the ALJ to consider Mr. Behling's opinion.

(*Id.* at 8-9.)  Therefore, the magistrate judge recommended Plaintiff's appeal be denied, the ALJ's decision be affirmed, and the judgment be entered in favor of the Commissioner.  (*Id.* at 9.)

///

3

### III.    Objections

Plaintiff filed objections to the Findings and Recommendations of the magistrate judge, in which she "reasserts and relies upon the arguments set forth in [her] Opening Brief."  (Doc. 21 at 1.). She maintains Behling's opinion should have been accepted because an "'unusual, unexpected, or unavoidable circumstance [beyond] the claimant's control'… was present."  (*Id.* at 2.)  According to Plaintiff, "the ALJ offered no legally sufficient explanation for the failure to exhibit or consider the opinion evidence at issue."  (*Id.*)  Plaintiff notes, "the Magistrate Judge offer[ed] an analysis as to why Plaintiff's circumstances purportedly do not satisfy any of the applicable exceptions."  (*Id.* at 3.)  She argues "the Magistrate Judge's attempt to rehabilitate the ALJ's legally insufficient analysis should be rejected," because "[a] reviewing court must consider an ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking."  (*Id.* at 3, citing *Peterson v. Colvin*, 668 F. App'x 278, 279 (9th Cir. 2016).)  Plaintiff maintains, "The ALJ erred by excluding PA Behling's opinion and offering no rationale for why he rejected it under the five-day rule despite the framework set forth in the governing regulations for exceptions thereto."  (*Id.* at 5.) The Commissioner filed a response to the objections, asserting "this Court should adopt the Finding and Recommendation, and affirm the ALJ's decision." (Doc. 22 at 2.)

### IV.    Discussion

A district judge may "accept, reject or modify, in whole or in part, the findings and recommendations..."  28 U.S.C. § 636(b)(1).  If a party files objections, "the court shall make a de novo determination of those portions of the report or specified proposed finding or recommendations to which objection is made."  *Id.*  A de novo review requires the Court to "consider[] the matter anew, as if no decision had been rendered."  *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009).

#### A.    The "five-day rule"

Pursuant to the Social Security regulations, a claimant "must make every effort to ensure that the administrative law judge receives all of the evidence and must inform us about or submit any written evidence, as required in § 404.1512 [and § 416.912], no later than 5 business days before the date of the scheduled hearing."  20 C.F.R. §§ 404.935(a), 416.1435(a).  Claimants are informed: "If you

do not comply with this requirement, the administrative law judge may decline to consider or obtain the evidence, unless the circumstances described in paragraph (b) of this section apply." (*Id.*) Pursuant to "paragraph (b)," claimants are informed:

> If you have evidence required under § 404.1512 [and § 416.912] but you have missed the deadline described in paragraph (a) of this section, the administrative law judge will accept the evidence if he or she has not yet issued a decision and you did not inform us about or submit the evidence before the deadline because:
>
> > (1) Our action misled you;
> >
> > (2) You had a physical, mental, educational, or linguistic limitation(s) that prevented you from informing us about or submitting the evidence earlier; or
> >
> > (3) Some other unusual, unexpected, or unavoidable circumstance beyond your control prevented you from informing us about or submitting the evidence earlier. Examples include, but are not limited to:
> >
> > > (i) You were seriously ill, and your illness prevented you from contacting us in person, in writing, or through a friend, relative, or other person;
> > >
> > > (ii) There was a death or serious illness in your immediate family;
> > >
> > > (iii) Important records were destroyed or damaged by fire or other accidental cause; or
> > >
> > > (iv) You actively and diligently sought evidence from a source and the evidence was not received or was received less than 5 business days prior to the hearing.

20 C.F.R. §§ 404.935(b), 416.1435(b). This is known as the "five-day rule." *See Pernell v. Kijakazi*, 2022 WL 1638815 (9th Cir. May 24, 2022); *see also DeGraff v. Comm'r of Soc. Sec,* 850 F. App'x 130, 131 (2d Cir. 2021) (referring to the provisions found in § 404.935 as the "five-day rule").

**B.**   ***Post-hoc* analysis**

As an initial matter, the Court notes the magistrate judge reviewed administrative record to determine whether "an unusual, unexpected, or unavoidable circumstance beyond Plaintiff's control existed that prevented her from timely obtaining Mr. Behling's opinion." (Doc. 20 at 8.) Upon this review, the magistrate judge determined that "the record indicates Plaintiff did not actively and diligently seek evidence from a source," as required for evidence to be considered under 20 C.F.R. §§ 404.935(b)(3)(iv) and 416.1435(b)(3)(iv). (*Id.* at 8; *see also id.* at 8-9.)

1    Importantly, the ALJ did not specifically invoke the provisions of paragraph (b)(3)(iv) and

2    416.1435(b)(3)(iv) in her opinion, or make a finding related to diligence.  (*See* Doc. 9-2 at 19-20.)

3    Rather, the ALJ determined the evidence should be excluded under paragraph (b) because Plaintiff

4    provided "no accompanying explanation" and there was no good cause shown for the failure to provide

5    the notice of 5 days.  (*Id.*)  Because the ALJ did not identify a lack of diligence as a reason to reject

6    Behling's opinion—or discuss the evidence addressed by the magistrate judge— the Court may not

7    now identify this as a reason to support the decision.  *See Burrell v. Colvin*, 775 F.3d 1113, 1138 (9th

8    Cir. 2014) (reiterating the court is "constrained to review the reasons the ALJ asserts" [citation

9    omitted]); *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (finding error where the district court

10   affirmed the ALJ's decision "based on evidence that the ALJ did not discuss").  Accordingly, the Court

11   declines to adopt the findings of the magistrate judge related to the diligence of Plaintiff and her

12   counsel in seeking medical evidence.

13        **C.    Reasoning of the ALJ**

14        In declining to incorporate the medical opinion evidence submitted by Plaintiff into the record,

15   pursuant to the five-day rule, the ALJ stated:

16            The claimant submitted or informed the Administrative Law Judge about
             additional written evidence less than five business days before the

17            scheduled hearing date. The opinion evidence from Hayden Behling, PA,
             was submitted the day after the hearing with no accompanying explanation

18            or good cause for the late submission. The undersigned Administrative
             Law Judge finds that the requirements of 20 CFR 416.1435(b) are not

19            satisfied as the claimant's representative failed to provide the requisite
             five-day notice, or any good cause for failure to do so. While the

20            representative requested the record be held open for a post-hearing brief,
             this post- hearing submission is not a brief.

21

22   (Doc. 9-2 at 19-20.)

23        Plaintiff maintains "the late submission could have been easily surmised from the date

24   beside PA's Behling's signature line at the end of the treating source statement—the opinion evidence

25   was only recently prepared and did not exist five days prior to the hearing."  (Doc. 11 at 12-13.)

26   According to Plaintiff, the ALJ erred because "[s]he failed to articulate any consideration of the

27   extenuating circumstances that could warrant an exception to five-day rule or explained why Plaintiff's

28   situation did not satisfy any of said circumstances (particularly the "unusual, unexpected, or

unavoidable circumstance being the claimant's control" exception)."  (Doc. 21 at 2-3.)

Contrary to Plaintiff's assertion, "a claimant's receipt of documents from a medical source less than five business days before a hearing is not *by itself* sufficient to establish unusual, unexpected, or unavoidable circumstances beyond the claimant's control."  *West v. Saul*, 2022 WL 16781547, at *11 (E.D. Penn. Nov. 8, 2022) (emphasis added, citation omitted).  Likewise, "[t]he mere showing that a medical opinion did not exist five days prior to the hearing does not establish an unusual, unexpected, or unavoidable circumstance beyond the claimant's control."  *Wasen A. v. Saul*, 2020 WL 823095, at *4 (D. Minn. Jan. 31, 2020), *adopted* 2020 WL 818908 (D. Minn. Feb. 19, 2020); *see also Midkiff v. Berryhill*, 2018 WL 8620562, at *10 (S.D.W.Va) ("It can hardly be said that a medical opinion dated within the five-day period is, as Claimant suggests, *per se* proof of an unusual, unexpected, or unavoidable circumstance beyond the claimant's control).

Moreover, the ALJ is not required to speculate as to the reason a claimant's evidence was delayed.  Rather, a claimant has the burden to show why evidence should be considered under one of three exceptions under paragraph (b).  *See, e.g., Anthony B. v. Kijakazi*, 2023 WL 7220171, at *4 (N.D. Ill. Nov. 2, 2023); *Johnny M. v. Comm'r of Soc. Sec.*, 2022 WL 17351424, at *7 (S.D. Ohio Dec. 1, 2022) ("the burden falls to Plaintiff to demonstrate that one of the circumstances of 20 C.F.R. § 404.935(b) applies"); *Odis W. M. v. Saul*, 2020 WL 8713688, at *3 (D. Minn. Nov. 30, 2020) ("When a plaintiff attempts to submit late evidence, the plaintiff has the burden of proving why one of the exceptions to the five day rule applies"); *Bartley v. Saul*, 2019 WL 6709538, at *8 (W.D. Va. Oct. 25, 2019) (finding an ALJ did not err in rejecting a psychological evaluation where the claimant "failed to meet her burden to … articulate a basis for an exception for late-produced evidence under § 404.935(b)(3)"); *Kline v. Berryhill*, 2019 WL 1782133, at *5(W.D.N.C. Apr. 23, 2019) ("it was Plaintiff's responsibility to provide all relevant evidence related to her disability on time, *see* 20 C.F.R. §§ 404.935(a), 404.1512(a), or demonstrate an exceptional reason why she failed to timely produce such evidence, *see* 20 C.F.R. § 404.935(b)"); *Nino v. Berryhill*, 2019 WL 3491929, at *1 (S.D. Iowa Apr. 11, 2019) ("While 20 C.F.R. section 404.935 (b) delineates the exceptional circumstances in which relief from the five-business-day rule is warranted, plaintiff has not fulfilled her burden of establishing an exception to the rule").

For example, in *Anthony B.*, the district court found the ALJ did not err in excluding a physician's pain report first mentioned the day of the administrative hearing, because the plaintiff did not meet the burden to show an exception under paragraph (b) applied. *Id.*, 2023 WL 7220171, at *4. The court explained, "it was not the ALJ's duty to determine whether there was any conceivable basis on which to admit [the physician's] report and only then exclude it from the record." *Id.*, 2023 WL 7220171, at *4. Rather, "it was plaintiff's burden to demonstrate that the untimely evidence should have been admitted under § 404.935(b)(3)(iv) or another exception." *Id.* The Court observed that plaintiff "made no effort to explain the circumstances surrounding his receipt of the pain report: he did not tell the ALJ when he first requested the statement, he did not explain why (or whether) the statement could not have been received sooner, and he did not explain why it was being offered only moments before the hearing began." *Id.* Because the plaintiff did not show an exception under paragraph (b) applied, the court found the ALJ did not err in excluding the report. *Id.*

Similarly, here, the ALJ found Plaintiff submitted Behling's opinion "with no accompanying explanation" for the late submission, and "the requirements of 20 CFR 416.1435(b) are not satisfied." (Doc. 9-2 at 19-20.) Although Plaintiff was represented by counsel, there was no explanation as to when Plaintiff requested the opinion from Behling, or why it was untimely. (*Id.*) The ALJ was not required to speculate as to the reasoning—including whether was an "unusual, unexpected, or unavoidable circumstance" warranting the delay— as it was *Plaintiff* who possesses the burden to show an exception under paragraph (b) applied. The fact that there was "no accompanying explanation" reveals Plaintiff clearly failed to meet this burden. *See, e.g., Hester v. Kijakazi*, 2022 WL 12325226, at *1 (9th Cir. Oct. 21, 2022) ("The AJL acted within his discretion when he did not accept the unexplained late filing and did not misapply 20 C.F.R. § 416.1435(b)"); *Haight v. Comm'r of Soc. Sec.*, 2023 WL 3467042, at *2 (6th Cir. Jan. 18, 2023) ("declining to admit untimely evidence because of an unexplained delay is permissible") (citations omitted); *Odis. W.*, 2020 WL 8713688, at *2, 5 (finding the ALJ did not err in excluding medical evidence where the ALJ observed that the "claimant's attorney did not provide an exception to the five day rule"). Consequently, the ALJ did not abuse her discretion and articulated a proper reason to not accept Behling's opinion into the record.

///

**V.        Conclusion and Order**

Pursuant to 28 U.S.C. § 636 (b)(1)(c), this Court conducted a *de novo* review of the case.  The Court carefully reviewed the entire matter, including Plaintiff's objections.  Because the ALJ applied the proper legal standards, the administrative decision is affirmed.  *See Sanchez v. Sec'y of Health & Human Serv.,* 812 F.2d 509, 510 (9th Cir. 1987).  Thus, the Court **ORDERS**:

1.        The Findings and Recommendations (Doc. 20) are **ADOPTED** in part.

2.        Plaintiff's appeal from the decision denying benefits (Doc. 11) is **DENIED**.

3.        Defendant's request to affirm the administrative decision (Doc. 12) is **GRANTED**.

4.        The Clerk of Court is directed to terminate any pending motions; enter judgment in favor of defendant Martin O'Malley, Commissioner of Social Security, and against Plaintiff Rosalinda H. Becerra; and to close this case.

IT IS SO ORDERED.

Dated:   **March 25, 2024**

UNITED STATES DISTRICT JUDGE